### No. 913
### LAKE SHORE SAW MILL CO. v. FELDMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5804.   Decided June 1, 1925

719. LIENS—Taking of mortgage by lienholder upon the very property upon which work was performed is a waiver of a lien.

VICKERY, J.

The Doan Savings & Loan Co. and Louis Feldman held first and second mortgages respectively, on 25 different pieces of land. The Lake Shore Saw Mill Co. brought twenty five

suits in the Cleveland Municipal Court to fore-close liens on the 25 different pieces of property. All the suits were consolidated by order of court. The enterprise was one huge construction project and Feldman's second mortgage was a purchase money mortgage, but it waived priority to the Savings & Loan Co. which was making a loan on the property.

The case was given to a referee and one of his findings was that the Saw Mill Co. was a material man and had furnished material and had obtained certain orders from the builders to the Loan Co. and had been paid certain amounts of money; but it had surrendered the orders, received a certain sum of money and took a mortgage upon these various lots to secure its claims. The referee found that while the Saw Mill Co. had a valid subsisting mortgage, it was postponed to the Doan and Feldman mortgages. Both of these mortgages were prior to any mechanic's or material men's liens.

Before determining the priority of lien holders, it was first decided to ascertain whether there would be enough money to pay them. The property was sold and it did not bring enough to pay the valid subsisting mortgages, as found by the referee, in full, and there would be nothing left for the lienholders nor the mortgage to the Saw Mill Co. The Municipal Court ratified the finding of the referee.

The Milling Co. sought to hold the Loan Co. to a construction loan and sought to re-establish its so-called lien; and it claimed that under the statute authorizing construction loans, the Loan Co. would be compelled to expend all the money it had loaned and as there was an unexpended balance of $1200 or $1500, it should inure to the lienholders, particularly, the Saw Mill Co. The court found against this claim and error was prosecuted. The Court of Appeals held:

1. There being no bill of exceptions in this case, this court is bound by the findings of fact contained in the referee's report which was approved by the lower court.

2. It shows that the Loan Co. had a lien, first best, and Feldman, a lien second best, and the Saw Mill Co. a mortgage which was postponed to these two.

3. The record shows there is not enough money to pay the first two mortgages and under the circumstances the court could not have done different.

4. While it is true that the taking of notes by a lienholder for mechanic's liens or other security except a mortgage upon the very property on which the lien was obtained, will not discharge the lien, yet the inference is strong that taking of a mortgage by a lienholder upon the very land upon which work was performed is a waiver of a lien.

5. The Saw Mill Co. under the record had no lien and if it had, it would be postponed to the two mortgages found to be valid and subsisting liens.

Judgment affirmed.

Attorneys—Young, Stocker & Fenner, for Company; Mooney, Hahn, Loeser & Keough for Feldman; all of Cleveland.